IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TRACY D. WARREN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:24-cv-55-G-BN |
| | § | |
| BT AMERICAS, INC., | § | |
| | § | |
| Defendant. | § | |

**FINDINGS, CONCLUSIONS, AND RECOMMENDATION OF THE
<u>UNITED STATES MAGISTRATE JUDGE</u>**

Plaintiff Tracy D. Warren filed a *pro se* complaint alleging wrongful employment practices against Defendant BT Americas, Inc. ("BTA"). *See* Dkt. No. 3.

Senior United States District Judge A. Joe Fish referred this lawsuit to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Counsel appeared on behalf of Warren on February 14, 2024. *See* Dkt. No. 7. The next day, BTA moved to dismiss the complaint under Federal Rules of Civil Procedure 12(b)(1) and 12(b)(6) or, in the alternative, for a more definite statement under Federal Rule of Civil Procedure 12(e). *See* Dkt. No. 8. And the Court set March 21, 2024 as Warren's deadline to respond to the motion. *See* Dkt. No. 12.

Prior to that deadline, but after the deadline to file an amended complaint as a matter of course under Federal Rule of Civil Procedure 15(a)(1), Warren moved for leave to amend her complaint under Federal Rule of Civil Procedure 15(a)(2) and

attached as an exhibit to the motion a proposed first amended complaint. *See* Dkt. No. 13.

Warren represented that BTA opposes leave to amend. *See id.* at 2. So, although Warren filed a response to BTA's motion, *see* Dkt. No. 16, the Court otherwise abated the deadlines set as to BTA's motion and ordered that BTA respond to the motion for leave to amend, while allowing Warren leave to reply, *see* Dkt. No. 19. And a response and a reply were filed. *See* Dkt. Nos. 20 & 21.

The undersigned now enters these findings of fact, conclusions of law, and recommendation that, for the reasons and to the extent set out below, the Court should deny leave to amend and dismiss Warren's claims for failure to state a claim on which relief may be granted.

**Discussion**

Focusing on the proposed amended complaint, Warren alleges that BTA violated Title VII of the Civil Rights Act of 1964 based on the following alleged facts:

> Warren is an individual who went to work at BTA initially as a Benefit Specialist. Warren was well qualified for this position, having secured a Bachelor's Degree in Occupational and Training Organizational Development from the University of North Texas in Denton, Texas. Warren was also well qualified for this position in that she was familiar with the Health Insurance Portability and Accountability Act.
>     Unfortunately for Warren (who is African American), the Coppell office of BTA is a blantantly [sic] racist organization. The management of BTA, particularly including Karen Bearne (a Caucasian) consistently treated Warren, as well as all of the other African Americans who worked there, in a flagrantly discriminatory manner. Bearne unilaterally bullied Warren into enrolling in benefits that changed her effective date of benefits, to Warren's detriment. Travis Fister, who was employed by BTA at the time, witnessed this misconduct as did another BTA employee at the time, Loch Shankarnag.

> BTA's agent, Bearne, also committed other actocities [sic] against Warren. These include yelling at Warren every morning about computer problems pretending (deceptively) that it was only Warren when, in fact, it was a widespread corporate problem; nonetheless, Bearne continued yelling at Warren.
>
> Bearne also maliciously threw a notebook at Warren. Travis Fister also witnessed this. Bearne also balled up Warren's email that she took from the printer and yelled at Warren from across the office floor. There are also witnesses to this misconduct.
>
> Bearne also interfered with Warren's receiving her security badge to enter the BTA premises. There are witnesses to this misconduct.
>
> Warren complained of this to BTA's "Speak Up" team (part of BTA management), but that body ignored the complaint, thereby ratifying all of the misconduct of Bearne and adopting her harassment and racist behavior as company policy. Ultimately, Bearne caused Warren to be wrongfully discharged from BTA on December 13, 2022 without warning or written documentation. The alleged (and specious) reason given was "poor performance." The real reason was blatant racial discrimination. Warren received her "right to sue" notice from the U.S. Equal Employment Opportunity Commission; this suit has been brought on a timely basis. BTA is liable for all of the atrocious misconduct of Bearne and its other agents mentioned hereinabove pursuant to the doctrine of *respondeat superior*. Warren is a member of a protected class: African American.

Dkt. No. 13 at 5-6.

Federal Rule of Civil Procedure 15 requires that leave to amend be granted freely "when justice so requires." FED. R. CIV. P. 15(a)(2).

And, because this rule provides a "strong presumption in favor of granting leave to amend," *Fin. Acquisition Partners, LP v. Blackwell*, 440 F.3d 278, 291 (5th Cir. 2006), the Court must do so "unless there is a substantial reason to deny leave to amend," *Dussouy v. Gulf Coast Inv. Corp.*, 660 F.2d 594, 598 (5th Cir. Nov. 1981).

One such reason is futility: "If the complaint, as amended, would be subject to dismissal, then amendment is futile and the district court [is] within its discretion to deny leave to amend." *Martinez v. Nueces Cnty., Tex.*, 71 F.4th 385, 391 (5th Cir.

2023) (quoting *Ariyan, Inc. v. Sewage & Water Bd. of New Orleans*, 29 F.4th 226, 229 (5th Cir. 2022)).

Under this analysis, a court must "ask whether, construing all inferences in favor of the plaintiff, there are sufficient factual allegations 'to raise a right to relief above the speculative level.'" *Id.* (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007)). That is, has a plaintiff, through the proposed amended complaint, pled "enough facts to state a claim to relief that is plausible on its face"? *Twombly*, 550 U.S. at 570.

"The plausibility standard is not akin to a 'probability requirement,' but it asks for more than a sheer possibility that a defendant has acted unlawfully." *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009). So, "[w]here a complaint pleads facts that are merely consistent with a defendant's liability, it stops short of the line between possibility and plausibility of entitlement to relief." *Id.* (cleaned up; quoting *Twombly*, 550 U.S. at 557).

On the other hand, "[a] claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* Put another way, plaintiffs need only "plead facts sufficient to show" that the claims asserted have "substantive plausibility" by stating "simply, concisely, and directly events" that they contend entitle them to relief. *Johnson v. City of Shelby, Miss.*, 574 U.S. 10, 12 (2014) (per curiam) (citing FED. R. CIV. P. 8(a)(2)-(3), (d)(1), (e)); *see also Robbins v. Oklahoma*, 519 F.3d 1242, 1248 (10th Cir. 2008) ("The burden is on the plaintiff to frame a

'complaint with enough factual matter (taken as true) to suggest' that he or she is entitled to relief." (quoting *Twombly*, 550 U.S. at 556)).

And, while a court must accept a plaintiff's allegations as true, it is "not bound to accept as true a legal conclusion couched as a factual allegation." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 555). In fact, a court need not "presume true a number of categories of statements, including," in addition to legal conclusions, "mere labels; threadbare recitals of the elements of a cause of action; conclusory statements; and naked assertions devoid of further factual enhancement." *Armstrong v. Ashley*, 60 F.4th 262, 269 (5th Cir. 2023) (quoting *Harmon v. City of Arlington, Tex.*, 16 F.4th 1159, 1162-63 (5th Cir. 2021)).

"In an employment discrimination case, the complaint need not 'contain specific facts establishing a prima facie case of discrimination under the framework set forth ... in *McDonnell Douglas Corp. v. Green*, 411 U.S. 792 (1973).'" *Norsworthy v. Hous. Indep. Sch. Dist.*, 70 F.4th 332, 336 (5th Cir. 2023) (quoting *Swierkiewicz v. Sorema N.A.*, 534 U.S. 506, 508 (2002)).

"But [Warren] is still required 'to plead sufficient facts *on all of the ultimate elements*' of her claim." *Id.* (quoting *Chhim v. Univ. of Tex. at Austin*, 836 F.3d 467, 470 (5th Cir. 2016); emphasis in *Norsworthy*).

And, at this stage, "a plaintiff must plead two 'ultimate elements' in order 'to support a disparate treatment claim … : (1) an 'adverse employment action,' (2) taken against a plaintiff '*because of* her protected status.'" *Thomas v. Dall. Indep. Sch. Dist.*, No. 23-10882, 2024 WL 2874367, at *4 (5th Cir. June 7, 2024) (quoting *Cicalese v.*

*Univ. of Tex. Med. Branch*, 924 F.3d 762, 767 (5th Cir. 2019); emphasis in *Cicalese*).

That is,

"[a] complaint need not allege "each prong of the prima facie test for disparate treatment" … ; to support a disparate treatment claim under Title VII, though, it must plausibly set out facts that the "defendant took the adverse employment action against a plaintiff *because of* her protected status." [Accordingly, a] plaintiff must allege "facts, direct or circumstantial, that would suggest [the employer's] actions were based on [the plaintiff's protected status] or that [the employer] treated similarly situated employees of other races or national origin more favorably.""

*Sanchez v. Chevron N. Am. Exploration & Prod. Co.*, No. 20-30783, 2021 WL 5513509, at *5 (5th Cir. Nov. 24, 2021) (per curiam) (quoting *Raj v. La. State Univ.*, 714 F.3d 322, 331 (5th Cir. 2013); emphasis in *Raj*)).

Warren pleads the first element based on an allegation that she was terminated. And, while she alleges a protected status, she fails to allege facts to connect the alleged actions to that status and thus plead that they were "taken against [her] *because of* her protected status." *Thomas*, 2024 WL 2874367, at *4 (cleaned up).

Although it is alleged that Bearne "consistently treated Warren, as well as all of the other African Americans who worked there, in a flagrantly discriminatory manner," this allegation is both conclusory and a legal conclusion, as is the allegation that "[t]he real reason [Warren was discharged] was blatant racial discrimination." Dkt. No. 13 at 5-6.

These conclusions, which need not be accepted as true standing alone, are also not supported by factual allegations from which the Court may infer that Warren was treated differently *because of* her race.

For example, the Court may infer from that facts alleged that Bearne treated Warren poorly – "bull[ying] Warren into enrolling in benefits that changed her effective date of benefits, to Warren's detriment"; "yelling at Warren every morning about computer problems pretending (deceptively) that it was only Warren when, in fact, it was a widespread corporate problem"; "maliciously [throwing] a notebook at Warren"; "ball[ing] up Warren's email that she took from the printer and yell[ing] at Warren from across the office floor"; and "interfere[ing] with Warren's receiving her security badge to enter the BTA premises." *Id.* at 5.

But Warren does not plausibly allege that these actions were taken – or that she was otherwise singled out – because of her race by "alleg[ing] facts, direct or circumstantial, that would suggest [BPA's] actions were based on [Warren's race] or that [BPA] treated similarly situated employees of other races or national origin more favorably." *Sanchez*, 2021 WL 5513509, at *5 (cleaned up); *see, e.g.*, *Taylor v. Academic P'ships, LLC*, No. 3:19-cv-1764-K-BN, 2019 WL 6619808, at *5 (N.D. Tex. Nov. 5, 2019) (Plaintiff's "accusations simply cannot be described as discriminatory because they do not show that plaintiff was being singled out because of a protected status."), *rec. accepted*, 2019 WL 6619385 (N.D. Tex. Dec. 4, 2019).

So the amended allegations do not plead the second ultimate element of a disparate treatment claim: a discriminatory motive.

For these reasons, the Court should deny Warren's motion and grant BPA's motion to the extent that it should deny leave to amend as futile and dismiss this lawsuit for failure to state a claim on which relief may be granted.

While Warren's submission of a proposed amended complaint (prepared with the assistance of counsel) indicates that she has now stated her best case, the opportunity file objections to these findings, conclusions, and recommendation (as further explained below) allows Warren still another chance to show that this case should not be dismissed and that the Court should instead grant her leave to further amend her claims. *See Scott v. U.S. Bank Nat'l Ass'n*, 16 F.4th 1204, 1209 (5th Cir. 2021) (per curiam) ("A court should freely give leave to amend when justice so requires, but a movant must give the court at least some notice of what his or her amendments would be and how those amendments would cure the initial complaint's defects. If the plaintiff does not provide a copy of the amended complaint nor explain how the defects could be cured, a district court may deny leave." (citations omitted)).

But, if Warren fails to satisfactorily show – through timely objections – a basis to amend to allege a plausible claim, the Court should dismiss this lawsuit with prejudice.

## Recommendation

The Court should grant Defendant BT Americas, Inc.'s motion [Dkt. No. 8] and deny Plaintiff Tracy D. Warren's motion [Dkt. No. 13] to the extent that the Court should deny leave to amend as futile and dismiss Warren's lawsuit for failure to state a claim on which relief may be granted unless Warren satisfactorily shows – through timely objections to these findings, conclusions, and recommendation – a basis to further amend to allege a plausible claim.

A copy of these findings, conclusions, and recommendation shall be served on

all parties in the manner provided by law. Any party who objects to any part of these findings, conclusions, and recommendation must file specific written objections within 14 days after being served with a copy. *See* 28 U.S.C. § 636(b)(1); FED. R. CIV. P. 72(b). In order to be specific, an objection must identify the specific finding or recommendation to which objection is made, state the basis for the objection, and specify the place in the magistrate judge's findings, conclusions, and recommendation where the disputed determination is found. An objection that merely incorporates by reference or refers to the briefing before the magistrate judge is not specific. Failure to file specific written objections will bar the aggrieved party from appealing the factual findings and legal conclusions of the magistrate judge that are accepted or adopted by the district court, except upon grounds of plain error. *See Douglass v. United Servs. Auto. Ass'n*, 79 F.3d 1415, 1417 (5th Cir. 1996).

DATED: June 13, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE