IN THE UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF TEXAS
DALLAS DIVISION

| | | |
|---|---|---|
| TRACY D. WARREN, | § | |
| | § | |
| Plaintiff, | § | |
| | § | |
| V. | § | No. 3:24-cv-55-G-BN |
| | § | |
| BT AMERICAS, INC., | § | |
| | § | |
| Defendant. | § | |

**ORDER GRANTING MOTION TO WITHDRAW, EXTENDING DEADLINE TO FILE OBJECTIONS, REQUIRING NOTICE FROM PLAINTIFF, AND PROVIDING NOTICE OF *PRO SE* EXPECTATIONS**

Plaintiff Tracy D. Warren filed this lawsuit *pro se*. *See* Dkt. No. 3. And Senior United States District Judge A. Joe Fish referred Warren's case to the undersigned United States magistrate judge for pretrial management under 28 U.S.C. § 636(b) and a standing order of reference.

Attorney Dan S. Boyd appeared on behalf of Warren and moved for leave to amend the complaint, relief that Defendant BT Americas, Inc. ("BTA") opposes. *See* Dkt. Nos. 7 & 13.

So the undersigned considered the request for leave in light of BTA's pending motion to dismiss [Dkt. No. 8] and the parties' counseled briefing [Dkt. Nos. 16, 20, 21] and, on June 13, 2024, entered findings of fact and conclusions of law recommending that the Court deny leave to amend as futile and dismiss Warren's lawsuit for failure to state a claim on which relief may be granted unless Warren satisfactorily shows – through timely objections – a basis to further amend to allege a plausible claim [Dkt. No. 22] (the "FCR").

On June 27, 2024, Warren filed a *pro se* Motion for Continuance [Dkt. No. 23], explaining that Boyd informed her that he would move to withdraw and requesting "additional time to acquire new counsel and prepare a response to the court." *Id.* (cleaned up).

Boyd then filed an Unopposed Motion to Withdraw [Dkt. No. 24] on July 13, 2024, explaining that he "and the plaintiff have vastly differing opinions as to the merits of her case and regarding settlement strategy." *Id.*

Attorneys may not withdraw as counsel of record until certain requirements are satisfied. Ultimately, the question of whether these requirements have been met such that withdrawal is warranted is "entrusted to the sound discretion of the [trial] court." *In re Wynn*, 889 F.2d 644, 646 (5th Cir. 1989) (citation and quotation marks omitted).

The first withdrawal requirement is that attorneys may only withdraw "upon leave of the court and a showing of good cause and reasonable notice to the client." *Id.* The withdrawing attorney bears the burden of proving the existence of good cause for withdrawal. *See Fed. Trade Comm'n v. Intellipay, Inc.*, 828 F. Supp. 33, 34 (S.D. Tex. 1993) ("The record must generally reflect an appropriate basis for granting leave [to withdraw]; unsubstantiated claims are insufficient.").

A court's determination whether an attorney has good cause to withdraw depends on the facts and circumstances of the particular case. "If a district court is not persuaded that good cause for withdrawal exists, it has substantial latitude to deny an attorney's motion to withdraw. This is especially true where … an attorney

seeks to withdraw over his client's objection." *White v. BAC Home Loans Servicing, LP*, No. 3:09-cv-2484-G, 2010 WL 2473833, at *1 (N.D. Tex. June 15, 2010) (citations omitted).

But, even if "good cause for withdrawal exists, it is 'incumbent on the court to assure that the prosecution of the lawsuit before it is not disrupted by the withdrawal of counsel.'" *Denton v. Suter*, No. 3:11-cv-2559-N, 2013 WL 5477155, at *2 (N.D. Tex. Oct. 2, 2013) (quoting *Broughten v. Voss*, 634 F.2d 880, 882 (5th Cir. Jan. 1981)).

The Court finds that counsel has provided good cause to withdraw and that withdrawal at this stage will not unduly disrupt this proceeding. The motion also complies with Northern District of Texas Local Civil Rule 83.12.

The motion [Dkt. No. 24] is therefore GRANTED. And the Clerk of Court shall add Warren to the docket as a *pro se* litigant, using the contact information provided in the motion.

Because Boyd and Warren have only provided phone numbers and an email for Warren, the Clerk is further DIRECTED to email this order to Warren.

And, by **July 26, 2024**, Warren shall file a notice with the Court providing her mailing address and register to file by electronic means. *See* N.D. TEX. L. CIV. R. 5.1(e); *Filing, U.S. District Court for the Northern District of Texas*, https://www.txnd.uscourts.gov/filing.

The Court also GRANTS the Motion for Continuance [Dkt. No. 23] to the extent that Warren's deadline to file objections to the FCR (*pro se* if necessary) is EXTENDED to **August 16, 2024**.

Warren is further notified of the following obligations that all *pro se* litigants undertake:

(1) to be aware of the Federal Rules of Civil Procedure, the Northern District of Texas Local Civil Rules, and Standing Orders of this Court (all of which are available on the Court's website: http://www.txnd.uscourts.gov/rules-and-orders);

(2) to timely comply with any order issued by this Court; and

(3) to cooperate with other parties and participants (and, if represented, their counsel).

As a *pro se* litigant, the Court may hold Warren's filings to a less stringent standard than papers drafted and filed by an attorney. But this is Warren's lawsuit, so she must ultimately prove an entitlement to relief. Neither the Court (or any of its staff) nor counsel for other litigants will serve as *de facto* counsel for her. *See Barker v. Norman*, 651 F.2d 1107, 1129 n.26 (5th Cir. Unit A July 1981) (explaining that "a district judge ... is neither required nor permitted to be counsel for any party, whether that party is appearing *pro se* or through counsel").

The Court expects that, throughout these proceedings, all parties or participants (whether represented by counsel or proceeding *pro se*) will be courteous, cooperative, and professional and, likewise, will communicate in a timely manner. *See Dondi Props. Corp. v. Commerce Savs. & Loan Ass'n*, 121 F.R.D. 284 (N.D. Tex. 1988) (available on the Court's website, at http://www.txnd.uscourts.gov/pdf/Notablecases/Dondi.PDF). And, even where a litigant is without a lawyer, that litigant must prosecute this action in a manner that

does not unduly burden the Court or the other parties or participants (or their counsel, if any).

If a party seeks a court order as to a particular matter, the party must file a motion that complies with the requirements of Federal Rule of Civil Procedure 7(b); Northern District of Texas Local Civil Rules 7.1 and 7.2; and this order. *See* FED. R. CIV. P. 7(b)(1).

Likewise, to allow time to cooperatively resolve disputes before bringing them to the Court, all parties or participants must allow other parties or participants (or their counsel, if any) at least 72 hours to return phone calls, answer emails, or otherwise respond to communication before again making contact or contacting the Court.

And Warren is CAUTIONED that the Court possesses the power to impose sanctions – which can include dismissing this lawsuit – for failure to comply with orders of the Court and applicable rules of procedure, including those rules that govern discovery. *See* FED. R. CIV. P. 16(f); FED. R. CIV. P. 37.

Warren is further CAUTIONED that (1) the progress of this case will not be delayed because one side is without an attorney and (2) the Court will not be more inclined to grant extensions because a litigant is without an attorney.

Relatedly, Federal Rule of Civil Procedure 41(b) "authorizes the district court to dismiss an action *sua sponte* for failure to prosecute or comply with [a Federal Rule of Civil Procedure or] a court order." *Griggs v. S.G.E. Mgmt., L.L.C.*, 905 F.3d 835, 844 (5th Cir. 2018) (citing *McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir.

1988) (per curiam)); *accord Nottingham v. Warden, Bill Clements Unit*, 837 F.3d 438, 440 (5th Cir. 2016) (failure to comply with a court order); *Rosin v. Thaler*, 450 F. App'x 383, 383-84 (5th Cir. 2011) (per curiam) (failure to prosecute).

While the text of Rule 41(b) may not extend to a failure to comply with a court's local rule insofar as that violation does not also qualify as a failure to prosecute, *see Campbell v. Wilkinson*, 988 F.3d 798, 800-01 (5th Cir. 2021) (discussing *Berry v. CIGNA/RSI-CIGNA*, 975 F.2d 1188 (5th Cir. 1992)), the Court specifically ORDERS the parties to abide by the Court's local rules insofar as a provision of those rules is not modified by this order or another order of the Court in this case. So, as applicable, a failure to comply with the Court's local rules will also violate this order and subject the violation of the local rules to Rule 41(b).

A court's authority under this rule "flows from the court's inherent power to control its docket and prevent undue delays in the disposition of pending cases." *Boudwin v. Graystone Ins. Co.*, 756 F.2d 399, 401 (5th Cir. 1985). And dismissal may be with or without prejudice. *See Long v. Simmons*, 77 F.3d 878, 879-80 (5th Cir. 1996). But a dismissal with prejudice is appropriate only if the failure to comply with the court order was the result of purposeful delay or contumacious conduct and the imposition of lesser sanctions would be futile. *See id.* at 880; *see also Berry*, 975 F.2d at 1191; *cf. Nottingham*, 837 F.3d at 442 (noting that "lesser sanctions" may "'include assessments of fines, costs, or damages against the plaintiff, conditional dismissal, dismissal without prejudice, and explicit warnings'" (quoting *Thrasher v. City of Amarillo*, 709 F.3d 509, 514 (5th Cir. 2013))).

- 7 -

And the Court's authority under Rule 41(b) is not diluted by a party proceeding *pro se*, as "[t]he right of self-representation does not exempt a party from compliance with relevant rules of procedural and substantive law." *Wright v. LBA Hospitality*, 754 F. App'x 298, 300 (5th Cir. 2019) (per curiam) (citations omitted).

SO ORDERED.

DATED: July 15, 2024

_____
DAVID L. HORAN
UNITED STATES MAGISTRATE JUDGE